# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# HARRISONBURG DIVISION

| | |
|---|---|
| MELISSA E. VEST, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 5:13cv00067 |
| ) | |
| v. ) | |
| ) | |
| CAROLYN W. COLVIN, ) | By: Hon. Michael F. Urbanski |
| Acting Commissioner of Social Security, ) | United States District Judge |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

This supplemental security income ("SSI") appeal is before the court for review of the Report and Recommendation issued in this case by the magistrate judge, in which it is recommended that this matter be remanded pursuant to sentence four of 42 U.S.C. § 405(g) for further consideration. The plaintiff, Melissa E. Vest ("Vest"), has filed an objection to the Report and Recommendation pursuant to Federal Rule of Civil Procedure 72(b). For the reasons set forth below, the court overrules Vest's objections and adopts the magistrate judge's recommendation that this case be remanded to the Commissioner.

### I.

Vest filed an application for SSI benefits in 2007. (R. 159.) That application was denied initially, denied once again on reconsideration, and denied again by an Administrative Law Judge ("ALJ") decision following a hearing in 2009. (R. 158-59.) After receiving the ALJ's decision, Vest requested review by the Appeals Council and submitted new medical evidence relevant to her claim. (R. 175.) The Appeals Council granted Vest's request and remanded the case to the ALJ for a new hearing. (R. 175-76.) The ALJ held another hearing in 2012 and, once again, denied Vest's application for SSI. (R. 10.) Vest sought review of the ALJ's 2012 decision by the Appeals Council,

the Appeals Council denied that request for review, and this appeal followed. (R. 1); Complaint, Dkt. No. 3, at 1.

This matter was referred to the Honorable Joel C. Hoppe, United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(B), for proposed findings of fact and a recommended disposition. The parties filed cross motions for summary judgment and supporting memoranda, and the magistrate judge filed a Report and Recommendation on July 17, 2014. The magistrate judge found that the ALJ erred in finding Vest's mental impairments nonsevere (step 2) and in failing to consider Vest's fibromyalgia in determining whether her impairments met or equaled a listing (step 3). The report recommends that Vest's motion for summary judgment be granted, Vest's supplemental motion for summary judgment be denied as moot, the Commissioner's motion for summary judgment be denied, and this case be remanded to the Commissioner for further proceedings. Vest filed objections to the Report and Recommendation, but the Commissioner did not.

## II.

Although the magistrate judge recommends that the Commissioner's decision be reversed and the case remanded, Vest asserts a number of objections to the Report and Recommendation. Not surprisingly, Vest does not object to the magistrate judge's findings of error in the ALJ's decision. Despite the magistrate judge's recommendation to remand the case without objection by the Commissioner, the court has made a de novo determination of those portions of the Report and Recommendation to which Vest objected. F.R.C.P. 72(b)(3).

## A.

In conclusory fashion, Vest first objects to the magistrate judge's overall findings and conclusions regarding her residual functional capacity ("RFC") assessment. Pl.'s Obj., Dkt. No. 23, at 1. If a party "'makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations,'" de novo review is not

2

required. Diprospero v. Colvin, No. 5:13-cv-00088-FDW-DSC, 2014 WL 1669806, at *1 (W.D.N.C. Apr. 28, 2014) (quoting Howard Yellow Cabs, Inc. v. United States, 987 F. Supp. 469, 474 (W.D.N.C. 1997) (quoting Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982))). "The court will not consider those objections by the plaintiff that are merely conclusory or attempt to object to the entirety of the Report, without focusing the court's attention on specific errors therein." Camper v. Comm'r of Soc. Sec., No. 4:08cv69, 2009 WL 9044111, at *2 (E.D. Va. May 6, 2009), aff'd, 373 F. App'x 346 (4th Cir.), cert. denied, 131 S. Ct. 610 (2010); see Midgette, 478 F.3d at 621 ("Section 636(b)(1) does not countenance a form of generalized objection to cover all issues addressed by the magistrate judge; it contemplates that a party's objection to a magistrate judge's report be specific and particularized, as the statute directs the district court to review only '*those portions* of the report or *specified* proposed findings or recommendations *to which objection is made*.'"). Such general objections "have the same effect as a failure to object, or as a waiver of such objection." Moon v. BWX Technologies, 742 F. Supp. 2d 827, 829 (W.D. Va. 2010), aff'd, 498 F. App'x 268 (4th Cir. 2012); see also Thomas v. Arn, 474 U.S. 140, 154 (1985) ("[T]he statute does not require the judge to review an issue de novo if no objections are filed"). Therefore, the court denies Vest's objection 1 to the Report and Recommendation.

### B.

Along with her general objection to the findings and conclusions regarding the RFC assessment, Vest makes a number of specific objections to the magistrate judge's findings and conclusions concerning the ALJ's determination of her RFC. In particular, she objects to a number of findings regarding her credibility and the ALJ's rejection of her treating physician's opinions. The court will consider each of these specific objections.

### 1.

3

Vest objects to (1) the ALJ's application of the pain standard; (2) the ALJ's finding of a conservative treatment plan for her pain; (3) the ALJ's finding regarding her activity level; (4) the ALJ's finding regarding drug seeking behavior; and (5) the ALJ's findings regarding her inconsistent statements. Pl.'s Obj., Dkt. No. 23, at 2-4. The combined effect of those findings convinced the ALJ that Vest was not credible. (R. 37.)

The court finds no reason to disturb the ALJ's credibility determination in this case. Credibility determinations are "emphatically the province of the ALJ, not the court, and courts normally should not interfere with these determinations." Dunn v. Colvin, 973 F. Supp. 2d 630, 649 (W.D. Va. 2013) (collecting cases). The ALJ's opportunity to observe the demeanor of the claimant gives his credibility determination great weight. Shively v. Heckler, 739 F.2d 987, 989 (4th Cir. 1984). So long as the ALJ's decision was supported by substantial evidence, a reviewing court should not disturb it. Dunn, 973 F. Supp. 2d at 638 (citing Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). Substantial evidence is not a "large or considerable amount of evidence," Pierce v. Underwood, 487 U.S. 552, 565 (1988), but is more than a mere scintilla and somewhat less than a preponderance. Richardson v. Perales, 402 U.S. 389, 401 (1971). In light of that standard of review, the court finds that the ALJ's credibility determination was supported by substantial evidence in the record.

In his assessment of the severity of Vest's pain, the ALJ noted the lack of objective evidence such as tests or images to support Vest's "expression of subjective pain" and to diagnose fibromyalgia. (R. 26 n.10, 37.) As a result, he properly considered the other evidence in the record including her other impairments, daily activities, and treatment. (R. 37.) It was reasonable for the ALJ to characterize Vest's treatment as conservative. (See R. 24-26, 34-35, 810, 812.)[1] Additionally, there is substantial evidence to support the ALJ's determination that her activity level conflicted with

---

[1] Several courts have found treatment through prescription narcotics and pain injections to be conservative. See e.g., Ellis v. Colvin, 5:13-cv-43, 2014 WL 2862703, at *8 (W.D. Va. Jun. 24, 2014); Hauser v. Comm'r of Soc. Sec., No. 1:12-cv-796, 2014 WL 48554, at *9 (S.D. Ohio Jan. 7, 2014); Carmen v. Astrue, No. 10-372, 2011 WL 4345731, at *3 (E.D. Ky. Sept. 15, 2011).

4

her complaints of pain. (R. 37 n.16; 466 (walking); 562 (trying to exercise regularly); 678 (stays active but painful); 981 (been quite active); 683 (walking every day); 685 (walking after stopping pool therapy); 820 (going to Curves daily); 821 (going to exercise class six to eight times a month and wants to continue); 1730 (using elliptical three hours a day).) Vest also participated in a number of non-exercise related activities despite experiencing pain afterwards such as a vacation at Virginia Beach, cooking simple meals at home, shopping, wrapping gifts, and being in a play. (R. 37 n.16, 466, 680, 812, 1758.) There is substantial evidence to support the ALJ's determination that Vest has a "history of prescription drug abuse." (R. 37.) She often took more medication than prescribed, ran out of medication early, and family members stole her medication on at least two occasions. (R. 462, 641, 643, 650, 1530, 1539, 1756-57; 1759-60; 1770-71.) Finally, there are abundant examples of Vest's inconsistent statements in the record. (R. 37, 73, 136, 580, 626, 1035 (smoking habit); (R. 140, 626-28, 810-12, 820-21, 1555-56, 1563-64 (weight gain).)

While it is highly unlikely that any one of these factors alone would be dispositive as to Vest's lack of credibility, the ALJ's consideration of all of these factors together, all of which are adequately supported in the record, to discount her testimony was not error. Therefore, the court denies Vest's objections 2, 3, 4, 5, and 6 to the Report and Recommendation.

## 2.

Vest also objects to the ALJ's rejection of the opinion testimony of Dr. Hogenmiller, her treating rheumatologist, in determining her RFC. Pl.'s Obj., Dkt. No. 23 at 4-5. Generally a treating physician's testimony deserves greater weight, but it does not necessarily deserve controlling weight. Mastro v. Apfel, 270 F.3d 171, 178 (4th Cir. 2001). The treating physician's testimony "is entitled to controlling weight if it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the record." Id. (citing 20 C.F.R. § 416.927). Ultimately, however, "the ALJ holds the discretion to give less weight to the

5

testimony of a treating physician" if it lacks "clinical evidence or is inconsistent with other substantial evidence . . . ." Id. (citing Craig, 76 F.3d at 590; Hunter v. Sullivan, 993 F.2d 31, 35 (4th Cir. 1992)).

The court finds no reason to disturb the ALJ's decision to reject Vest's treating physician's opinion. Here, Vest readily admits in her objection that "Fibromyalgia cannot be confirmed through objective testing," and the ALJ noted that there is no objective means for diagnosing fibromyalgia. Pl.'s Obj., Dkt. No. 23 at 5; (R. 26 n.10.) That lack of "medically acceptable clinical and laboratory diagnostic techniques" to support the treating physician's testimony is a factor bearing on the ALJ's discretion as to the weight to give that testimony. Mastro, 270 F.3d at 178. Furthermore, the ALJ noted the inconsistencies between the treating physician's responses to the Fibromyalgia RFC Questionnaire and Vest's statements about her physical activities. (R. 38.) The ALJ questioned the physician's assertion in the questionnaire that Vest can neither look down, turn her head left or right, look up, nor hold her head in a static position during an eight hour work period. (R. 38, 837.) Likewise, the ALJ was skeptical of the treating physician's responses that she could "finger, handle, and reach" only 1% of the time during an eight hour workday. (R. 38, 838). Moreover, as noted above, Vest's own statements about her activities flatly contradict much of the RFC questionnaire. Compare (R. 836-38 with (R. 466, 680, 812, 821, 1730, 1758.) Given the totality of the record, the ALJ's conclusion as to the treating physician's opinion is supported by substantial evidence.

Finally, the ALJ noted that the majority of Vest's treating physician's assessments were based on Vest's "reported symptoms and limitations . . . ." (R. 38.) As already stated, the ALJ determined Vest's testimony about her symptoms was not credible for several reasons. Because there was a lack of objective clinical evidence to support the treating physician's assessment, the subjective evidence supporting the assessment was based on Vest's less than credible statements, and substantial contradictory evidence exists in the record, it was within the ALJ's discretion to reject Vest's treating

physician's opinion. See Mastro, 270 F.3d at 178; Craig, 76 F.3d at 590 ("[I]f a physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight."). Therefore, the court denies Vest's objection 7 to the Report and Recommendation.

**C.**

In sum, the court agrees with the magistrate judge's recommendation that the ALJ erred in finding Vest's mental impairments nonsevere and failing to consider whether Vest's fibromyalgia met or equaled a listed impairment. After a de novo review of the record, the court also finds the credibility determination made by the ALJ as to Vest's testimony and the ALJ's rejection of Vest's treating physician's testimony are supported by substantial evidence. Therefore, the court accepts the magistrate judge's recommendation that remand is appropriate in this case.

**III.**

For these reasons, the magistrate judge's Report and Recommendation will be **ADOPTED** and the case **REMANDED** to the Commissioner for further consideration consistent herewith pursuant to sentence four of 42 U.S.C. § 405(g).

An appropriate order will be entered this day.

          Entered: September 16, 2014

          */s/ Michael F. Urbanski*

          Michael F. Urbanski
          United States District Judge